# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHIMIKA GOUDEAU, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | )  Case No. 6:24-cv-109-JAR |
| OKMULGEE COUNTY CRIMINAL JUSTICE AUTHORITY, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is the motion to dismiss [Dkt. 14] filed on behalf of defendant Okmulgee County Criminal Justice Authority ("OCCJA") pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6). Plaintiff Shimika Goudeau ("Plaintiff") timely responded in opposition [Dkt. 15] and OCCJA submitted a reply brief [Dkt. 18].[1]

Plaintiff initiated this action on February 28, 2024 in the District Court of Okmulgee County, Oklahoma against OCCJA and the Okmulgee County Board of Commissioners ("Board").[2] [Dkt. 2-2]. On March 28, 2024, OCCJA removed the case to this Court pursuant to 28 U.S.C. § 1441. [Dkt. 2]. In response to OCCJA's initial motion to dismiss [Dkt. 9], Plaintiff filed a first amended complaint ("Amended Complaint") that appears substantively identical to her state court petition. *Compare* [Dkt. 2-2] *with* [Dkt. 12]. The Amended Complaint asserts claims of race- and sex-based employment discrimination in violation of Title VII of the Civil Rights Act of

---

[1] For clarity and consistency herein, when the Court cites to the record, it uses the pagination and document numbers assigned by CM/ECF.

[2] Plaintiff voluntarily dismissed the Board from this action on September 16, 2024. [Dkt. 29].

1

1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* and the Oklahoma Anti-Discrimination Act ("OADA"), *Okla. Stat.* tit. 25, § 1101 *et seq.*, as well as claims under 42 U.S.C. §§ 1981 and 1983. [Dkt. 12]. By express consent of all parties [Dkt. 17], and pursuant to Fed. R. Civ. P. 73(a) and 28 U.S.C. § 636(c)(1), the undersigned United States Magistrate Judge exercises complete jurisdiction over this action through and including trial and entry of a final judgment.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff, a Black female, alleges she was employed by OCCJA for nineteen years and, during the course of her employment, was never subject to any disciplinary action. [Dkt. 12, ¶¶ 11-12, 33]. After her supervisor Sam McCoy was suspended on July 2, 2020, Plaintiff assumed his duties as Executive Director and Jail Administrator ("ED/JA"). [*Id.*, ¶¶ 13-14].

Plaintiff alleges that in January 2017, then-Chair of the Board James Connor told McCoy and two fellow County Commissioners that "we will never hire a n****r to hold that position," referring to Plaintiff and the ED/JA role. [*Id.*, ¶¶ 15-16]. She also asserts that in June 2020, when Chief Leighton McComas insinuated that Plaintiff would become Connor's boss following McCoy's suspension, Connor responded, "that will never happen." [*Id.*, ¶¶ 17-18].

According to Plaintiff, on July 23, 2020, the Board terminated her employment without providing a reason. [*Id.*, ¶¶ 19-20]. The Board then hired Shannon Clark, a White male, initially on a 30-day contract beginning July 9, 2020, and later permanently as ED/JA. [*Id.*, ¶¶ 21-22]. Plaintiff alleges she was not interviewed for

the permanent position despite being "immanently" qualified and that the Board terminated her to prevent a Black woman, or a woman generally, from permanently holding that role. [*Id.*, ¶¶ 23-24]. She further contends that OCCJA and the Board engaged in discriminatory practices, policies, and actions that caused the loss of her employment and that OCCJA has continued to discriminate against her by refusing to provide information regarding her work duties or certifications to prospective employers. [*Id.*, ¶¶ 25-26].

## II.   DISMISSAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations omitted). In making this assessment, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Waller*, 932 F.3d at 1282.

The *Twombly* plausibility standards are particularly important when, as here, a complaint alleges a claim under § 1983. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249

(10th Cir. 2008). Setting forth specific factual allegations to support the elements of a § 1983 claim is particularly important because "state actors may only be held liable under § 1983 for their own acts." *Id*. at 1251. Therefore, a § 1983 plaintiff must make clear in her complaint "exactly *who* is alleged to have done *what* to *whom*" to "provide each individual with fair notice as to the basis of the claims against him or her[.]" *Id*. at 1250 (emphasis in original).

### III.   ANALYSIS

The Court first considers whether the Amended Complaint meets the minimum pleading requirements set forth in Fed. R. Civ. P. 8(a). It then addresses OCCJA's assertion that Plaintiff failed to exhaust administrative remedies with respect to her Title VII and OADA claims. Finally, the Court turns to OCCJA's request for dismissal of Plaintiff's claims under 42 U.S.C. §§ 1981 and 1983 for failure to state a claim.

### A.   FAILURE TO SATISFY MINIMUM PLEADING REQUIREMENTS

At the outset of its motion, OCCJA challenges the Amended Complaint's compliance with Rule 8(a). [Dkt. 14 at 10-12]. Rule 8(a) requires, in part, that a plaintiff submit in her complaint "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, ... [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 8(a)'s "short and plain statement" requirement is "to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are

proved, that the claimant has a legal right to relief." *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989) (quotation omitted). "The degree of specificity necessary to establish plausibility and fair notice [under Rule 8] and therefore the need to include sufficient factual allegations, depends on context[.]" *Robbins*, 519 F.3d at 1248.

Here, when read as a whole, the Amended Complaint fails to make clear which claims are asserted against OCCJA and under which statutes. *See* Fed. R. Civ. P. 8(a)(1).³ The pleading also does not contain a short and plain statement showing Plaintiff's entitlement to relief, as it omits identification of the specific acts allegedly violated and the particular actions by OCCJA that purportedly caused those violations. *See* Fed. R. Civ. P. 8(a)(2).⁴ The Court concludes that the Amended Complaint does not satisfy the minimum pleading standards required by Rule 8(a).

### B.  FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Even if the Amended Complaint satisfied the pleading requirements of Rule 8(a), Plaintiff's Title VII and OADA claims would nonetheless be precluded by OCCJA's failure-to-exhaust defenses.

---

³ *See* [Dkt. 12 at 3 (generally alleging violations of Title VII, § 1981, and § 1983 under a single "Causes of Action" section), ¶ 28 (alleging violations of Title VII, 42 U.S.C. § 2000e, and § 1981(a) by an unspecified defendant), ¶ 29 (alleging "Defendant OCCJA" is an "employer" as defined by Title VII and the OADA), ¶ 30 (alleging "Defendant [Board] is the governing body of the [sic]"), ¶ 32 (alleging race- and sex-based discrimination by an unspecified defendant, in violation of § 1981 and pursuant to § 1983), ¶ 34 (alleging similar violations by "the Defendant" under Title VII, § 1981, and the OADA)].

⁴ *See* [Dkt. 12, ¶ 15 (alleging a Board member used a racial slur in reference to Plaintiff), ¶ 18 (alleging a Board member stated Plaintiff would never be selected for the ED/JA role), ¶¶ 19-20 (alleging the Board terminated Plaintiff without providing a reason), ¶ 21 (alleging the Board hired a White man for the ED/JA role), ¶ 25 (alleging OCCJA's and the Board's "discriminatory practices, policies, and actions" resulted in Plaintiff's termination)].

### 1. Exhaustion Requirement under Title VII

Title VII requires that a plaintiff exhaust administrative remedies before bringing suit in federal court. *See* Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1317 (10th Cir. 2005) *abrogated on other grounds by* Lincoln v. BNSF Ry. Co., 900 F.3d 1166 (10th Cir. 2018). To satisfy the exhaustion requirement, a plaintiff must: (1) file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged unlawful act, setting forth the nature and facts of her claim; and (2) initiate suit within 90 days of receiving a right-to-sue letter from the EEOC. *See* 42 U.S.C. §§ 200e-5(b), (c), (e), (f)(1). The purposes of this scheme are to notify the charged party of the alleged violation and afford the EEOC an opportunity to conciliate the dispute. Jones v. United Parcel Servs., 502 F.3d 1176, 1185 (10th Cir. 2007). The charge filing requirement is not jurisdictional, but may be raised as an affirmative defense. *See, e.g.,* Ft. Bend Cty. v. Davis, 587 U.S. 541, 551 (2019); Lincoln, 900 F.3d at 1185.

Here, the Amended Complaint alleges only that Plaintiff "filed a charge of discrimination against Defendant with the [EEOC] complaining of racial discrimination, discrimination based on sex and wrongful termination." [Dkt. 12, ¶ 5]. Because exhaustion is a condition precedent to suit, the Court applies the pleading standard set forth in Rule 9(c), under which it is sufficient "to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c); *see* Million v. Frank, 47 F.3d 385, 389 (10th Cir. 1995) ("[t]he filing requirements of Title VII" are "condition[s] precedent"); Anderson v. United Tel. Co. of Kansas, 933 F.2d

1500, 1505 (10th Cir. 1991) (noting, with approval, that Rule 9(c)'s "special pleading requirement has been applied to nonjurisdictional agency exhaustion requirements"). Plaintiff's bare allegation that she filed an EEOC charge against an unidentified defendant on an unspecified date neither generally avers that all conditions precedent have been satisfied nor alleges that she received and timely acted upon a right-to-sue notice. The Amended Complaint does not satisfy Rule 9(c).

Plaintiff attempts to avoid this result by arguing that a failure-to-exhaust defense may be resolved at the dismissal stage only when the grounds for said defense appear on the face of the complaint. She accordingly asserts that, because the Amended Complaint omits any allegation regarding a right-to-sue letter, OCCJA's failure-to-exhaust defense is premature. [Dkt. 15 at 4]. Plaintiff relies principally on *Bond v. Whitley*, No. CIV-20-594-GKF-SH, 2021 WL 1987525 (N.D. Okla. May 18, 2021), where the court found a failure-to-exhaust defense to be premature because the complaint affirmatively alleged that the plaintiff contacted the EEOC, filed a charge, and received a right-to-sue-letter, leaving no basis on the face of the complaint to conclude the plaintiff had failed to exhaust. In that context, the court emphasized that "'[p]laintiffs have no obligation to plead against affirmative defenses.'" *Bond*, *supra*, at \*5 (*quoting Cirocco v. McMahon*, 768 Fed. Appx. 854, 858 (10th Cir. 2019) (*citing Jones v. Bock*, 549 U.S. 199, 215 (2007)).

Unlike the plaintiff in *Bond*, Plaintiff here affirmatively pleads only one of the two statutory steps necessary to exhaust Title VII remedies and says nothing about receiving, or timely acting upon, an EEOC right-to-sue notice. While failure to

exhaust is treated procedurally as an affirmative defense rather than a jurisdictional prerequisite, exhaustion under Title VII is still a condition precedent to suit.[5] *See Million*, 47 F.3d at 389; *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1167 n.11 (10th Cir. 2007); *Gad v Kansas State Univ.*, 787 F.3d 1032, 1041 (10th Cir. 2015). As such, a plaintiff's failure to exhaust may be apparent on the face of her complaint when the pleading omits any indication that the precondition has been satisfied. Because the Amended Complaint does not adequately allege satisfaction of the Title VII exhaustion requirement, even in general terms under Rule 9(c), OCCJA's failure-to-exhaust defense is properly raised at this stage of litigation, and dismissal of Plaintiff's Title VII claim(s) on this ground is warranted.

### 2.  Notice Requirements under the GTCA

OCCJA further urges the Court to dismiss Plaintiff's OADA claim for failure to comply with the notice requirements of the Oklahoma Governmental Tort Claims Act ("GTCA"), *Okla. Stat.* tit. 51, § 151 *et seq.* [Dkt. 14 at 29-31]. Although Plaintiff's response does not address any dismissal arguments regarding her OADA claim, this Court must still analyze their merit. *See Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003). As a threshold matter, and consistent with other federal district courts in Oklahoma, the Court concludes that Plaintiff must allege compliance with the notice requirements set forth in the GTCA to plausibly set forth a claim under the OADA.[6]

---

[5] By contrast, affirmative defenses such as laches operate only as a post-filing bar to an otherwise properly initiated action and therefore need not be anticipated in the complaint.

[6] *See Gilmore v. Indep. Sch. Dist. No. I-89*, No. Civ-17-1025-HE (W.D. Okla. Nov. 9, 2017) (finding OADA claims to be within the scope of the GTCA due to post-*Duncan* amendment to the GTCA's definition of tort); *see also Jones v. Indep. Sch. Dist. 89*, No. CIV-19-797-R, 2019 WL 691786 at *1 (W.D. Okla. Dec. 19, 2019) (dismissing OADA employment discrimination claim for failure to comply with GTCA pre-suit notice requirements); *accord Hauck v. Putnam City Indep. Sch. Dist. I001*,

Oklahoma has adopted sovereign immunity for all tort claims against "[t]he state, its political subdivisions, and all of their employees acting within the scope of their employment," subject only to the limited waiver contained in the GTCA. *Okla. Stat*. tit. 51, § 152.1(A). Thus, the State and its political subdivisions—including OCCJA—are immune from suit in tort unless the plaintiff satisfied the GTCA's conditions. *See id.* § 152(14) (defining "tort" as "a legal wrong, independent of contract, involving violation of a duty imposed by general law, statute, the Constitution of the State of Oklahoma, or otherwise, resulting in a loss to any person …"). Among other prerequisites, the GTCA requires that a plaintiff present written notice of her claim to the State or appropriate political subdivision within one year of the date of loss and, if the claim is denied (or deemed denied), must commence suit within 180 days thereafter. *See id.* §§ 156(B), 157(B).

Here, the Amended Complaint contains no allegation that Plaintiff complied with the GTCA's pre-suit notice and timing requirements. In the absence of such allegations, Plaintiff has not plausibly shown that OCCJA's sovereign immunity has been waived with respect to her OADA claim. Because OCCJA is a "political subdivision" for purposes of the GTCA, Plaintiff's failure to plead compliance with the Act's notice provisions is fatal to her OADA claim. Accordingly, the Court finds that Plaintiff has failed to state a claim against OCCJA under the OADA.

---

No. CIV-20-390-G, 2022 WL 3654749 at *3 (W.D. Okla. Aug. 24, 2022); *Smith v. City of Norman*, No. CIV-22-1002-JD, 2023 WL 6521000 at *2 (W.D. Okla. Oct. 5, 2023).

### C. FAILURE TO STATE A CLAIM

Even if the Amended Complaint satisfied the pleading requirements of Rule 8(a), Plaintiff's claims under 42 U.S.C. §§ 1981 and 1983 do not withstand scrutiny under Rule 12(b)(6).

#### 1. Section 1981

OCCJA contends Plaintiff fails to state a discrimination claim under § 1981. [Dkt. 14 at 21-22]. The Amended Complaint alleges that "the Defendant intentionally and willfully violated Title VII, 42 U.S.C. 1981, and the [OADA] by discriminating against the Plaintiff because of her race, and because of her sex." [Dkt. 12, ¶ 34]. To the extent Plaintiff asserts a discrimination claim against OCCJA pursuant to § 1981, that claim fails as a matter of law because "[§] 1981 does not apply to sex or religious discrimination," *Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 n.3 (10th Cir. 1993) (*quoting Manzanares v. Safeway Stores, Inc.*, 593 F.2d 968, 971 (10th Cir. 1979)), and it is well-settled that § 1983 is the "exclusive federal damages remedy for the violation of rights guaranteed by § 1981 when the claim is pressed against a state actor," *Bolden v. City of Topeka, Kan.*, 441 F.3d 1229, 1135 (10th Cir. 2006) (*citing Jett v. Dallas Ind. School Dist.*, 491 U.S. 701, 705 (1989)); *see id*. at 1137 ("[D]amages claims against state actors for § 1981 violations must be brought under § 1983."). Accordingly, OCCJA is entitled to 12(b)(6) dismissal of Plaintiff's § 1981 claim.

#### 2. Section 1983

As for Plaintiff's § 1983 claim, OCCJA first points to a lack of clarity in the Amended Complaint. [Dkt. 14 at 22]. Plaintiff states that she brings her "claim"

pursuant to Title VII and § 1981(a) but also alleges that her "claims" of "discrimination based on race and sex under 42 U.S.C. §§ 1981 and 1981(a)" are asserted "pursuant to the requirements and obligations of those statutes, (as well as 42 U.S.C. § 1983)." [Dkt. 12, ¶¶ 28, 32]. The Amended Complaint contains no additional factual allegations identifying the basis on which the § 1983 claim is asserted. *See* Robbins, 519 F.3d at 1250 (requiring a § 1983 plaintiff to specify "exactly *who* is alleged to have done *what* to *whom*") (emphasis in original). OCCJA therefore contends the Amended Complaint does not meet the pleading standards set forth in Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). [Dkt. 14 at 23].

In response, Plaintiff argues that because she alleges OCCJA discriminated against her on the basis of race and sex, the Amended Complaint establishes a prima facie case of discrimination under Plotke v. White, 405 F.3d 1092, 1099 (10th Cir. 2005). [Dkt. 15 at 8-9]. In Plotke, the plaintiff asserted **only** a Title VII employment discrimination claim. Thus, the prima facie elements on which Plaintiff relies were articulated by the Tenth Circuit within the Title VII framework, not in the context of a § 1983 action. *See* Plotke, *supra*, at 1093.

Section 1983 does not itself create substantive rights. Sturdivant v. Fine, 22 F.4th 930, 935 (10th Cir. 2022) (citation omitted). Rather, it serves "as a vehicle to 'provide[] relief against those who, acting under color of law, violate federal rights created elsewhere.'" Id. (*quoting* Brown v. Buman, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016)). To state a claim under § 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged

11

violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). But a governmental entity such as OCCJA cannot be held liable under § 1983 based upon the doctrine of *respondeat superior* or vicarious liability. *Monell*, 436 U.S. at 694-95. Rather, a plaintiff must show that the entity itself maintained a policy or custom that caused the alleged deprivation. *Id*. at 694; *see also Pembaur v. Cincinnati*, 475 U.S. 469, 483 (1986); *Henton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993) (holding a § 1983 plaintiff must show a direct causal link between the policy or custom and the injury alleged).

Even construing the allegations in the light most favorable to Plaintiff, the Amended Complaint fails to state a plausible claim for relief under § 1983 based on race or sex discrimination. It is unclear whether Plaintiff relies on Title VII, § 1981, or both as the underlying basis for her § 1983 claim. Regardless, the Amended Complaint contains no facts plausibly suggesting that OCCJA maintained a policy or custom resulting in a violation of either statute. Conclusory assertions that Plaintiff was terminated by the Board because of OCCJA's "discriminatory practices, policies, and actions" are insufficient. [Dkt. 12, ¶¶ 25, 35]. OCCJA is therefore entitled to 12(b)(6) dismissal of Plaintiff's § 1983 claim.

### D. LEAVE TO AMEND

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, amendment may properly be denied upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by previously allowed

amendment, or futility of amendment. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). In addition, Rule 7 requires a request for relief to be made by a motion, which must (1) be in writing, (2) state with particularity the grounds for seeking the order, and (3) specify the relief sought. *See* Fed. R. Civ. P. 7(b); *Albers v. Bd. of Cnty. Comm'rs of Jefferson City, Colo.*, 771 F.3d 697, 706 (10th Cir. 2014). Thus, courts routinely deny leave to amend when a party "'merely suggest[s] she should be allowed to amend if the court conclude[s] her pleadings [a]re infirm.'" *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (*quoting* *Garman v. Campbell Cty. Sch. Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010)).

Here, Plaintiff previously amended her complaint following OCCJA's first motion to dismiss. The Amended Complaint, as noted, is virtually identical to the state court petition. *See* *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1236 (10th Cir. 2020) ("Efficient adjudication of disputes requires that the party present its best effort to state a claim before the court addresses the motion to dismiss."). OCCJA maintains that further amendment would be futile because Plaintiff cannot cure, as a matter of law, the deficiencies identified in its second motion to dismiss. [Dkt. 14 at 31-32]. Plaintiff's response does not address OCCJA's futility arguments and instead offers a bare request for leave "to remedy any deficiency contained within the Amended Complaint." [Dkt. 15 at 2].

It is well-settled in the Tenth Circuit that such cursory, "drive-by" requests to amend a complaint do "not rise to the status of a motion." *Glenn v. First Nat'l Bank*, 868 F.2d 368, 370 (10th Cir. 1989); *accord* *Albers*, 771 F.3d at 706. Plaintiff offers no

proposed amendments or new factual allegations that would allow the Court to assess whether further amendment could overcome the identified deficiencies. *See id.* at 371; *Albers*, 771 F.3d at 706. Nevertheless, in the interest of fairness, Plaintiff will be granted an opportunity to amend her operative complaint.

## IV.  CONCLUSION

WHEREFORE, the motion to dismiss [Dkt. 14] filed on behalf of defendant Okmulgee County Criminal Justice Authority is hereby **GRANTED**. However, Plaintiff is granted nine (9) days from the date of this Order, or until **DECEMBER 19, 2025**, to file a motion for leave to file a second amended complaint in accordance with LCvR 7.1(k).

IT IS SO ORDERED on this 10th day of December, 2025.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE